**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jonathan SALAS-ALVAREZ,
Defendant-Appellant,**

No. 15-50500

United States Court of Appeals,
Ninth Circuit.

Submitted January 18, 2017 *

Filed January 23, 2017

Susan Leah Park, Assistant U.S. Attorney, Helen H. Hong, Assistant U.S. Attorney, Office of the US Attorney, San Diego, CA, for Plaintiff-Appellee

Joseph M. McMullen, Esquire, Law Offices of Joseph M. McMullen, San Diego, CA, for Defendant-Appellant

Before: TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Jonathan Salas-Alvarez appeals from the district court's judgment and challenges the 70-month sentence imposed following his guilty-plea conviction for importation of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Salas-Alvarez contends that the district court erred by denying him a minor role adjustment under U.S.S.G. § 3B1.2 on the basis of an incorrect presumption that the Guidelines preclude a minor role adjustment for drug couriers involved in importing large quantities of methamphetamine. We review the district court's interpretation of the Sentencing Guidelines de novo. *See United States v. Quintero–Leyva*, 823 F.3d 519, 522 (9th Cir. 2016). The record does not support Salas-Alvarez's argument that the district court applied a categorical rule that no courier of methamphetamine over a certain quantity may qualify for a minor role adjustment. Rather, the record demonstrates that the district court properly evaluated Salas-Alvarez's case under the factors enumerated in the commentary to U.S.S.G. § 3B1.2, comparing him to the other known participants in the drug-trafficking activity and considering the totality of circumstances. *See* U.S.S.G. § 3B1.2 cmt. n.3(c); *Quintero–Leyva*, 823 F.3d at 522–23.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.